No. 37,614

Francis Raymond McDonald, *Petitioner,* v. R. H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent.*

(205 P. 2d 481)

Opinion filed May 7, 1949.

*Francis Raymond McDonald,* pro se.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were on the brief for the respondent.

The opinion of the court was delivered by

Harvey, C. J.: This is a habeas corpus proceding by an inmate of our state penitentiary. In his verified petition he alleged that he was being held by respondent under commitment issued from the district court of Marshall county authorizing his imprisonment for a term of not less than ten nor more than twenty-one years on one count and for not less than two and one-half nor more than ten and one-half years on another count, the sentences to run consecutively, and that such sentences are void and without lawful force for the reasons, that he was denied the right to have a jury trial; denied the right to have compulsory process to obtain witnesses in his behalf or to cross-examine the complaining witness; that his counsel made no attempt to obtain witnesses in his favor; that he had had no preliminary examination, and that the court was incomplete when the sentence was imposed because there were no witnesses in court to testify against him, and that he was convicted upon hearsay evidence as told by the county attorney; that counsel appointed to represent him about thirty minutes before he was called upon to plead were not acquainted with him, nor he with them, and that they were not acquainted with the facts in the case at the time of the appointment; that they told him that he had no grounds to fight the case and made no attempt other than to plead him guilty.

The response filed sets up a complete record of the proceedings in the court and includes the affidavit of the county attorney and of the attorneys appointed by the court to represent the accused. In determining the matter we shall consider the allegations of fact in petitioner's verified petition as his testimony, and also consider as evidence the affidavits filed by respondent, as well as the records of the court proceedings. Briefly stated, the record disclosed that early in the evening of July 19, 1943, a high-school girl, going to her home and when about two blocks from her home, was attacked by a man who jumped from behind a tree or some bushes, grabbed her and pulled her into a vacant lot and attempted to have sexual intercourse with her, but she was able to elude him and get to her home; that later the same evening, about ten o'clock, as another young woman was going to her home from a picture show, a man grabbed her and pulled her into a vacant lot, and by threatening her with a long-bladed knife at her throat, compelled her to submit to his desires to a completed act of sexual intercourse. Later the knife was found near the scene. Defendant was soon arrested and taken to jail, where each of the women positively identified him as the man who attacked her. On July 20 the county attorney filed a complaint, upon which a warrant was issued, charging the defendent with two offenses, and he was taken before the judge of the county court, sitting as a magistrate. There the warrant was read to him and he was fully advised of his rights in the premises, and he waived a preliminary examination. The magistrate made a finding that the offenses charged had been committed, that the defendant was probably guilty of the offenses, and fixed his bond at the sum of $2,500 for his appearance in district court, which bond he did not give. The next day the defendant told the sheriff that he had been drinking the night of the 19th of July and that he didn't remember all that took place. A few days later he told the sheriff that he wanted to go before the judge of the court and receive his sentence. An information, proper in form, was duly filed in the district court and on July 26, 1943, he was brought into court for arraignment. The court reporter made a record of all that transpired in the court. This was transcribed and filed among the papers in the case. This record discloses that the court inquired of him if he had an attorney, if he had money to employ one, and if he had counseled any attorney. He gave negative answers to each of the questions. Whereupon the court appointed two capable,

reputable lawyers of the bar to represent him and gave them such time as they would need for consultation with him. Both of the attorneys conferred with the defendant in a private room. Defendant told them of his whereabouts that evening and gave them the names of two persons of whom they might make inquiry. One of the attorneys left the conference and made the inquiry and procured no information of value. They explained to him that he had a right to a jury trial and that they would represent him in the trial if he desired one. They talked with him about the two counts in the information and what the sentences would be if he was convicted on a trial, or if he entered a plea of guilty, and told him if sentences were pronounced upon each of the offenses they might run concurrently or consecutively. The defendant and his attorneys knew that the evidence against him was strong. They talked of endeavoring to get a plea of guilty to one count only and have the other one dismissed, or if not, to get a recommendation from the county attorney that the sentences should run concurrently. His attorneys attempted to carry out those ideas and conferred with the county attorney about them, without success. Defendant and his attorneys decided it was best for him to plead guilty and to take up the matter of the sentences running concurrently with the court at the time of the plea. Later in the day the defendant and his attorneys appeared in court, the county attorney representing the state. Both parties announced they were ready to proceed. The first count of the information was read to defendant and he was asked how he would plead, and he answered, "Guilty." The second count of the information was then read to him and he was asked how he desired to plead, and he answered, "Guilty." Whereupon his attorneys pleaded with the court to make the sentences run concurrently. The matter of sentence was postponed until the next day and the parties appeared in court as before. Whereupon the court sentenced defendant under each count separately, the sentences to run consecutively.

The result is that the procedings in the trial court were entirely regular and legal. None of the grounds relied upon by the petitioner for his discharge upon a writ of habeas corpus has any merit.

The writ prayed for is denied.

ARN, J., not participating.